**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

JOHN F. CURRAN, III,

      Plaintiff,

v.                                                    No. 1:23-cv-01064-STA-jay

CARL A. FRONABARGER
and
STATE OF TENNESSE,

      Defendants.

---

## REPORT AND RECOMMENDATION

---

Before the Court are three Motions filed by Plaintiff. ECF Nos. 8, 9, 20. This case has been referred to the United States Magistrate Judge for management and for determination of all pretrial matters or recommendations as appropriate. Admin. Order 2013-05. For the reasons that follow, the undersigned RECOMMENDS DENYING Plaintiff's Motion for Evidentiary Hearing, Motion for Injunctive Relief, and Motion for Injunctive Relief (substantively requesting default judgment). ECF Nos. 8, 9, 20.

### I. PROCEDURAL HISTORY AND THE PARTIES' POSITIONS

Plaintiff filed his original Complaint on April 12, 2023. ECF No. 1. On the same day, he filed to proceed as a seaman pursuant to 28 U.S.C. § 1916, which would allow his case to continue without paying the filing fee. ECF No. 2. The Court granted Plaintiff's Motion to proceed as a seaman. ECF No. 23. Prior to effectuating service, Plaintiff filed a Motion for Injunctive Relief and a Motion for an Evidentiary Hearing and Declaratory Order. ECF Nos. 8, 9. Plaintiff then filed

a Motion to Amend his Complaint. ECF No. 11. Noting that Plaintiff was free to amend his Complaint once as a matter of course, the Court adopted Plaintiff's proposed Amended Complaint. ECF No. 25. Two Defendants have been added to Plaintiff's claims. ECF No. 11-1.

Plaintiff's Motion for Injunctive Relief is two pages in substance and asks that this Court issue "an Order granting Injunctive Relief against the Hardin County Circuit Court and the Attorney General and Reporter for the State of Tennessee from the prosecution of case 21-cr-170 and removing the matter in its entirety to the Western District of Tennessee." ECF No. 8 at 2.

Plaintiff's Motion for an Evidentiary Hearing and Declaratory Order argues that "[t]his Court has the jurisdiction to address" various alleged violations of law that took place within the "law enforcement and fire services of Hardin County." ECF No. 9 at 3. It appears to the Court that Plaintiff believes he has been collecting evidence that "supports . . . widespread" criminal activity in the aforementioned departments. ECF No. 9 at 4. According to Plaintiff, such evidence "deserves the intervention of the Federal Court system to cease such unlawful acts." ECF No. 9 at 4. The declaratory order Plaintiff seeks is one in which this Court would "bar[] the State of Tennessee from prosecuting Hardin County Circuit Court case 21-cr-170 against Plaintiff and direct[] the Department of Justice to investigate the matter and allegations as made, supported and witnessed by the Plaintiff." ECF No. 9 at 4.

After being served, the State of Tennessee filed a Response in Opposition to Plaintiff's Motions. The State first argues that *Younger* abstention bars the "Court from interfering with Mr. Curran's pending State criminal proceedings." ECF No. 14 at 2. The State further argues that Plaintiff made no showing that a preliminary injunction is appropriate because he did not show a likelihood of success on the merits, likelihood of irreparable harm, equity falling in his favor, or that such an injunction is in the public's interest. ECF No. 14 at 2-3.

2

Plaintiff moved to file a Reply, which the Court granted. ECF Nos. 16, 24. The Reply was due no later than September 6, 2023. As of the date of this Report and Recommendation, Plaintiff has not filed a Reply. However, Plaintiff did include in his Motion a short argument that there is an exception to the *Younger* doctrine in this case, such that the case may proceed despite the pending state matter. ECF No. 16 at 1-2. Although Plaintiff failed to comply with the Court's deadline to file a Reply, the Court will consider Plaintiff's argument regarding *Younger* abstention doctrine exceptions raised in his Motion to File a Reply. ECF No. 16 at 1-2.[1]

Plaintiff also filed a Motion styled as a Motion for Injunctive Relief, but it is substantively a Motion for Default Judgment. ECF No. 20. Plaintiff argued Defendant Fronabarger's failure to substantively respond to the Complaint in a timely manner entitled him to a default judgment. ECF No. 20. Defendant Fronabarger filed his Answer to the Complaint eleven days late. ECF No. 21.

Defendant Fronabarger filed a Response in Opposition to the Motion seeking default judgment. ECF No. 22. There, he argued that Plaintiff failed to follow the proper procedures outlined in the Federal Rules. ECF No. 22 at 1. There must first be an entry of default by the Clerk of Court, followed by a "default judgment entered by the court." ECF No. 22 at 1. Moreover, Defendant Fronabarger highlights that the "clerk's entry of default must precede the filing of the answer." ECF No. 22 at 1.

## II. PROPOSED CONCLUSIONS OF LAW

Regarding the issue of a preliminary injunction, there are four factors that must be

---

[1] Plaintiff's Motion to File a Reply brief is three pages long. In addition to addressing exceptions to the *Younger* doctrine, Plaintiff also raises an issue of (1) the exclusive jurisdiction of the federal courts over admiralty and maritime cases and (2) the All Writs Act. ECF No. 16 at 1-3. The Court finds that these two arguments are not germane to the issues raised by Defendant State of Tennessee. The Court will construe only the *Younger* abstention exception argument as Plaintiff's Reply as that is the only portion of the Motion that substantively addresses Defendant's Response.

considered. The first is "whether the movant has shown a strong likelihood of success on the merits." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The second factor is "whether the movant will suffer irreparable harm if the injunction is not issued." *Overstreet*, 305 F.3d at 573. The third is "whether the . . . injunction would cause substantial harm to others." *Id*. Finally, the fourth consideration is "whether the public interest would be served by issuing the injunction." *Id*.

Of course, these factors work in a balancing test and "are not prerequisites . . . ." *Id*. However, "'a finding that there is simply no likelihood of success on the merits is usually fatal' to a plaintiff's quest for a preliminary injunction." *Enchant Christmas Light Maze & Mkt. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020) (quoting *Gonzales v. Nat'l Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)). Moreover, preliminary injunctions are "extraordinary remed[ies] which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Regarding evidentiary hearings related to preliminary injunctions, Federal Rule of Civil Procedure 65 "does not expressly require a hearing," although there is a notice requirement for the adverse party that "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Hunter v. Hamilton Cnty. Bd. Of Elections*, 635 F.3d 219, 246 (6th Cir. 1022) (internal quotations omitted). However, where the "issues are primarily questions of law," then a hearing is not necessary. *Hunter*, 635 F.3d at 246. Moreover, the Court need not hold an evidentiary hearing where "material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought . . . ." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (internal quotations

omitted).

As to the issue of a default judgment, Federal Rule of Civil Procedure 55 establishes a two-step process. First, the Clerk of Court must enter default against the delinquent party pursuant to Rule 55(a). FED. R. CIV. P. 55(a). Upon entry of default by the Clerk, the party seeking default judgment may move "either the Clerk or the Court, depending on the circumstances as outlined in Federal Rule of Civil Procedure 55(b)." *Allen v. Hutchinson*, No. 2:17-2125-STA-cgc, 2023 U.S. Dist. LEXIS 11923, at *2 (W.D. Tenn. Jan. 24, 2023).

**A. PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

The Court RECOMMENDS DENYING Plaintiff's Motion for Injunctive Relief. First and foremost, Plaintiff made absolutely no showing as to the four factors highlighted above. Nothing in Plaintiff's filings speak to the likelihood of success on the merits, irreparable harm, substantial harm to others, or how such an injunction would serve the public interest.

Second, Plaintiff's requested relief is not a remedy available to him through this Court. As the State of Tennessee noted, the *Younger* abstention doctrine "applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). First, it is clear to the Court that Plaintiff is the subject of an ongoing criminal prosecution in the state court. This is obvious from Plaintiff's own Motion seeking an injunction preventing the "State of Tennessee from the prosecution of case 21-cr-170 . . . ." ECF No. 8 at 2. Second, the Court notes the State of Tennessee's important state interest in enforcing its criminal laws. Finally, the criminal proceedings at the state level offer a more than adequate opportunity to raise the constitutional claims Plaintiff believes he has.

Plaintiff attempts to argue that there is an exception to the *Younger* abstention doctrine that

applies to his case. ECF No. 16 at 1-2. There are three exceptions to *Younger* abstention. First, if "the state proceeding is motivated by a desire to harass or is conducted in bad faith" then the federal court should allow the claim to proceed. *Aaron v. O'Connor*, 914 F.3d 1010, 1019 (6th Cir. 2019) (internal quotations omitted). Second, the federal claims may proceed if "the challenged statute is flagrantly and patently violative of express constitutional prohibitions." *Id.* (internal quotations omitted). Finally, if "there is an extraordinarily pressing need for immediate federal equitable relief" then the federal court claims may proceed. *Id*. (internal quotations omitted).

Plaintiff argues that because his case revolves around issues of maritime law, there is no state jurisdiction because the Constitution places issues of maritime law squarely within the confines of federal jurisdiction. ECF No. 16 at 1-3. Thus, in Plaintiff's view, the second exception to *Younger* applies. This is too broad a reading of the exclusivity of federal maritime jurisdiction. State courts retain concurrent jurisdiction over several types of cases that the layman may believe falls within exclusive maritime or admiralty jurisdiction, such as in personam contract and tort cases brought against a vessel owner. *See Exclusivity of Federal Admiralty and Maritime Jurisdiction*, CONSTITUTION ANNOTATED, https://constitution.congress.gov/browse/essay/artIII-S2-C1-12-8/ALDE_00013656/#essay-20 (last visited Aug. 31, 2023). Additionally, the saving to suitors clause found in the statutory grant of jurisdiction "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438, 445 (2001).

Most important, state courts retain jurisdiction to enforce state criminal laws. Plaintiff has made no cogent argument that the crimes he is being prosecuted for at the state level are unconstitutional; instead, he correctly states that federal courts have exclusive jurisdiction in "*civil* cases in admiralty and maritime matters." ECF No. 8 at 2 (emphasis added). He attempts to argue

6

that because the origins of his contact with state law enforcement relate to an allegedly abandoned flotilla, exclusive federal jurisdiction means the state cannot prosecute him. ECF No. 8 at 2. However, Plaintiff's entanglement with the state court relate to *criminal* charges "for filing a false lien on the anchorage and moorings of the marina, as well as for dishonoring the check to" a third party. ECF No. 2-1 at 2. These are plainly not issues of *civil* maritime or admiralty law.[2] Plaintiff's argument, therefore, holds no water.

Because Plaintiff failed to argue any of the factors related to injunctive relief, and *Younger* counsels abstaining from interfering with a criminal proceeding at the state level, the Court RECOMMENDS DENYING Plaintiff's Motion for Injunctive Relief.

### B. PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING[3]

Plaintiff filed a separate Motion for an Evidentiary Hearing, which the Court reads to be a companion Motion to the Motion for a Preliminary Injunction. ECF No. 9 at 1. The Court RECOMMENDS DENYING the Motion for an Evidentiary Hearing as MOOT based on the above analysis regarding the Motion for a Preliminary Injunction. However, should the Court consider granting the preliminary injunction, an evidentiary hearing is not necessary at this time because the issue Plaintiff raises is primarily legal: whether the state court has jurisdiction to continue with the criminal prosecution. Moreover, there appears to be no dispute regarding the facts material to Plaintiff's request. Plaintiff and Defendants acknowledge Plaintiff is subject to criminal

---

[2] Even if Plaintiff's conduct had a closer nexus to a federal waterway, the Court would still find no merit to Plaintiff's argument because the state has established jurisdiction to enforce its criminal laws all the way to the "west bank of the Mississippi River . . . ." Tenn. Code Ann. § 4-1-104.

[3] Plaintiff's Motion for an Evidentiary Hearing also seeks a "Declaratory Order against the State of Tennessee from further action in Hardin County Circuit Court case 21-cr-170." ECF No. 9 at 1. For the same reasons addressed in Plaintiff's Motion for Injunctive Relief in Section A of this analysis, the Court should deny Plaintiff's Motion for a Declaratory Order.

prosecution at the state level. As such, an evidentiary hearing is not required by the Federal Rules or Circuit precedent. Not only is a hearing not required, holding one would be an inefficient use of Court resources given the analysis above regarding the lack of merit supporting Plaintiff's Motion for a Preliminary Injunction.

The Court also notes here, for Plaintiff's benefit, that there appears to be a significant misunderstanding of the interplay between the federal and state judicial systems, as well as the relationship between federal courts and federal prosecutors. Even if the Court held an evidentiary hearing, it appears Plaintiff would present to the Court evidence he believes warrants intervention by prosecutors at the state and federal level.

Plaintiff alleges that he has evidence that is "plain, considerable and supports the widespread . . . violation of law by those entrusted by the community to uphold it. This matter deserves the intervention of the Federal Court system to cease such unlawful acts." ECF No. 9 at 4. He then cites to both state and federal statutes alleging various types of criminal conduct. ECF No. 9 at ¶8, 3-5. First, federal courts do not generally hear issues of state criminal matters. Second, the federal courts do not "direct[] the Department of Justice to investigate" and charge crimes. ECF No. 9 at 4. In our tripartite system of government, the Department of Justice reports to the Executive Branch—not the judiciary. To the extent Plaintiff is attempting to assert violations of *criminal* law in this *civil* litigation, he is not free to do so. *Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 735 (W.D. Tenn. Aug. 14, 2013). In short, the remedy Plaintiff seeks is unavailable to him in this manner. The undersigned therefore RECOMMENDS DENYING Plaintiff's Motion for an Evidentiary Hearing.

### C. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The final Motion ripe for consideration is Plaintiff's Motion for Default Judgment (styled

as a motion for injunctive relief). ECF No. 20. The undersigned RECOMMENDS DENYING Plaintiff's Motion. In short, Plaintiff failed to follow the procedures outlined in Federal Rule of Civil Procedure 55. Plaintiff needed to first seek an entry of default with the Clerk of Court. FED. R. CIV. P. 55(a). Although Plaintiff is proceeding pro se, he is not excused from complying with the Federal Rules of Civil Procedure. Moreover, Defendant Fronabarger has since filed his Answer to the Complaint. ECF No. 21. As such, the Court should DENY Plaintiff's Motion for Default Judgment.

## IV. CONCLUSION

The undersigned RECOMMENDS DENYING Plaintiff's Motion for Injunctive Relief, Motion for Evidentiary Hearing, and Motion for Default judgment.

Respectfully submitted this the 29th day of September, 2023.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**