UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN F. CURRAN, III,

    Plaintiff,

vs.                                                                        No. 23-1064-STA-jay

CARL A. FRONABARGER,
et al.,

    Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff filed a pro se complaint pursuant to 28 U.S.C. § 1333, Admiralty, Maritime, and Prize Cases. Subsequently, Plaintiff filed, *inter alia*, motions for injunctive relief (ECF Nos. 8, 20), and a motion for an evidentiary hearing. (ECF No. 9.) The United States Magistrate Judge has recommended that all three motions be denied. (ECF No. 39.) Plaintiff has filed objections to the Magistrate Judge's Report. (ECF No. 42.) Having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and the entire record of the proceedings *de novo*, *see* Fed. R. Civ. P. 72(b), the Court finds that the Report and Recommendation should be **ADOPTED** in its entirety.

When examining a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c).[1] The Court "may

---

[1] When the Court is presented with a dispositive motion for injunctive relief, as it is here, it reviews the Magistrate Judge's report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1)(A); *see also Banks v. United States*, 614 F.2d 95, 96 (6th Cir. 1980).

accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* A party may file objections to the Report and Recommendation within fourteen days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Here, Plaintiff has properly filed objections. However, the Court finds that Plaintiff's objections that the Magistrate Judge's decision should be reversed are not persuasive.

The Magistrate Judge first summarized the procedural history of this matter and the parties' positions as to the motions. Plaintiff asked "that this Court issue 'an Order granting Injunctive Relief against the Hardin County Circuit Court and the Attorney General and Reporter for the State of Tennessee from the prosecution of case 21-cr-170 and removing the matter in its entirety to the Western District of Tennessee.'" (Rep. & Rec. p. 2, ECF No. 39.) Plaintiff also asked this Court to "bar[] the State of Tennessee from prosecuting Hardin County Circuit Court case 21-cr-170 against Plaintiff and direct[] the Department of Justice to investigate the matter and allegations as made, supported and witnessed by the Plaintiff." (*Id.*) In response, the State of Tennessee argued that (1) *Younger* abstention bars this Court from interfering with Plaintiff's pending state court criminal proceedings and (2) Plaintiff made no showing that a preliminary injunction is appropriate because he did not show a likelihood of success on the merits, likelihood of irreparable harm, equity falling in his favor, or that such an injunction is in the public's interest. (*Id.*)

The Magistrate Judge then looked at and applied the four factors that must be considered when deciding if injunctive relief was appropriate.[2] The Magistrate Judge also pointed out that

---

[2] "A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *Am. Civil Liberties Union Fund of Mich. v. Livingston County*,

2

an evidentiary hearing was not warranted when "material facts are not in dispute, or [when] facts in dispute are not material to the preliminary injunction sought . . . ." (*Id.* at p. 4. (citing *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007)).

The Court agrees with the Magistrate Judge that, after weighing the factors relevant to determining whether injunctive relief should be issued, Plaintiff has not shown he is entitled to injunctive relief. The Court also agrees that the *Younger* abstention doctrine "applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. Cir. 2006). Here, as determined by the Magistrate Judge, Plaintiff is the subject of an ongoing criminal prosecution in the state court; the State of Tennessee has an important state interest in enforcing its criminal laws; and the criminal proceedings at the state level offer a more than adequate opportunity to raise the constitutional claims Plaintiff believes he has. No exception to *Younger* applies in this case. Because Plaintiff has not shown that he is entitled to injunctive relief, the Court agrees that his motion for an evidentiary hearing is moot.

In summary, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 31, 2023

---

796 F.3d 636, 642 (6th Cir. 2015) (citation omitted).