UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**JOHN F. CURRAN, III,**

    **Plaintiff,**

vs.                                                        No. 23-1064-STA-jay

**CARL A. FRONABARGER,**
**et al.,**

    **Defendants.**

## ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff filed a pro se complaint pursuant to 28 U.S.C. § 1333, Admiralty, Maritime, and Prize Cases. Subsequently, Plaintiff was allowed to file an amended complaint. (ECF No. 26.) Defendants J. Brent Bradberry, Patrick S. Butler, and the State of Tennessee ("the State Defendants") have filed motions to dismiss. (ECF Nos. 13, 27, 29, 51.) In response, Plaintiff has filed various miscellaneous motions. (ECF Nos. 37, 41, 45, 47, 56, 59, 64.)

The United States Magistrate Judge has recommended severing the claims raised against Defendant Carl Fronabarger[1] from the State Defendants and then applying the *Younger* abstention doctrine and dismissing Plaintiff's claims against Defendants Bradberry and Butler, dismissing Plaintiff's request for injunctive relief against the State of Tennessee, and staying Plaintiff's claim for money damages against the State of Tennessee. (ECF Nos. 13, 27, 29.) The Magistrate Judge has also recommended denying the following motions as moot: Plaintiff's (1)

---

[1] Defendant Fronabarger is not a party to the motions currently under consideration.

Motion to Compel Discovery from Defendants Bradberry and Butler (ECF No. 37); (2) Motion for Injunctive Relief (ECF No. 41); (3) Motion for Extension of Time to File Reply to Defendants Bradberry and Butler's Response in Opposition (ECF No. 45); and (4) Motion for Entry of Default against Defendant Bradberry (ECF No. 47) and also denying Defendant Bradberry's second motion to dismiss (ECF No. 51) as moot.[2] (Rep & Rec. ECF No. 55.)

Plaintiff has filed a motion to extend the time for filing objections (ECF No. 59) and his objections (ECF No. 62) to the Magistrate Judge's Report and Recommendation. Plaintiff's motion for extension of time is **GRANTED**, and the Court will consider his objections as being timely filed.

When examining a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* A party may file objections to the Report and Recommendation within fourteen days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Here, Plaintiff has properly filed objections. However, the Court finds that Plaintiff's objections are not persuasive.

---

[2] Defendant Bradberry has moved to dismiss the claims against him in his individual capacity based on both *Younger* and the doctrine of judicial immunity. (ECF No. 51.) The Court does not believe that the amended complaint has made claims against either Defendant Bradberry or Butler in their individual capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir.2001), *cert. denied*, 536 U.S. 922 (2002) (reiterating that § 1983 plaintiffs must clearly notify any defendants of their intent to seek individual liability). However, to the extent that Plaintiff has made these claims, the Court finds that Defendant Bradberry's motion should be granted on those grounds rather than on the ground of mootness as recommended by the Magistrate Judge. Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As for Defendant Butler, the prosecutor in the state court case against Plaintiff, prosecutors are immune from civil suits for any actions that are intimately associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein,* 555 U.S. 335, 341 (2009).

Instead, having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and the entire record of the proceedings *de novo*, *see* Fed. R. Civ. P. 72(b), the Court finds that the Report and Recommendation should be **PARTIALLY ADOPTED**.

As an initial matter, the Court denies the State's first motion to dismiss (ECF No. 13) as moot because Plaintiff filed an amended complaint after the filing of the first motion to dismiss. Generally, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). Thus, courts generally hold that pending motions aimed towards the initial complaint are moot. *See*, *e.g.*, *Ware v. C.R. Bard, Inc.*, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007) (denying as moot pending motion to dismiss). Accordingly, the State's first motion to dismiss is **DENIED** on the ground that it is moot in light of the amended complaint.

In the amended complaint, Plaintiff alleges that the State Defendants have violated his constitutional rights by prosecuting him in the Hardin County Circuit Court for matters related to a salvage operation. Plaintiff contends that the actions related to the salvage operation occurred in federal waters, and, thus, the State has no jurisdiction to prosecute him. He has asked this Court to enjoin the underlying state criminal court proceedings and to award him damages against the State. (Amd. Cmplt. p. 10, ECF No. 26.) In response, the State of Tennessee argues that (1) the Eleventh Amendment prohibits the award of money damages against it and its officials[3] and (2) *Younger* abstention bars this Court from interfering with Plaintiff's pending state court criminal proceedings.

---

[3] The amended complaint does not appear to seek any kind of relief against Defendants Bradberry and Butler. However, to the extent that it does, the discussion of the Eleventh Amendment and *Younger* as they apply to the State likewise applies to Defendants in their official capacities. *See Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a

The Magistrate Judge issued his recommendation based only on *Younger*. However, the Court will look first at the State's Eleventh Amendment argument before considering the *Younger* doctrine. The Eleventh Amendment bars private individuals from suing a state for money damages in federal court unless the state consents or Congress has otherwise abrogated the state's immunity. As the Supreme Court has explained, "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 363 (2000). "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir.1993) (citation omitted). Accordingly, Plaintiff may not sue the State Defendants for money damages. *See Fouse v. Tennessee*, 2016 WL 4194245, at *2 (W.D. Tenn. Aug. 8, 2016) ("Supreme Court precedent holds that actions against state officials and state employees sued in their official capacities for monetary damages are the equivalent of actions against the state itself.") Because the Court lacks subject matter jurisdiction over the claim(s) for money damages, the motions to dismiss of the State and its officials must be granted pursuant to Fed. R. Civ. P. 12(b)(1).

Alternatively, the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), bars this Court from interfering in Plaintiff's underlying state court proceeding. The Magistrate Judge correctly stated that the *Younger* abstention doctrine "applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. Cir. 2006). Here, as determined by the Magistrate Judge, Plaintiff is the subject of an ongoing

---

suit against the state and also barred by the Eleventh Amendment.); *Bennett v. Thorburn*, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

criminal prosecution in the state court; the State of Tennessee has an important state interest in enforcing its criminal laws; and the criminal proceedings at the state level offer a more than adequate opportunity to raise the constitutional claims Plaintiff believes he has. No exception to *Younger* applies in this case. The Court agrees with the Magistrate Judge that it should abstain from interfering with the state court criminal proceedings. "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *See Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). Accordingly, the motions to dismiss, including the claim for injunctive relief, are granted on this ground also.

In summary, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED** as modified. The Court finds that it lacks subject matter jurisdiction over Plaintiff's claims for money damages because those claims are barred by the Eleventh Amendment, and the claims against the State Defendants are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court will abstain from hearing Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine.[4] Thus, the State Defendants' motions to dismiss (ECF Nos. 27, 29) are **GRANTED** on these grounds, and the claims against the State of Tennessee and its officials, Defendants Bradberry and Butler, are **DISMISSED**. The motion to dismiss filed before the amended complaint (ECF No. 13) is **DENIED** as moot.

---

[4] Plaintiff may attempt to argue that the state court proceedings against him have now been resolved. However, *Younger* applies when there is a relevant state court proceeding pending at the time the federal action is filed irrespective of the fact that the state proceeding may be subsequently dismissed during the pendency of the federal action. *See Federal Express Corp. v. Tennessee Pub. Serv. Com'n*, 925 F.2d 962, 969 (6th Cir.1991) (subsequent dismissal of state court action did not affect the abstention analysis under *Younger*); *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir.1986) (*Younger* abstention applies even though state proceeding was dismissed after federal action was filed); *Nash v. Cuyahoga Cnty. Metro. Hous. Auth.*, 2008 WL 1869020 (N.D. Ohio Apr.24, 2008) (action was pending for purposes of *Younger* abstention despite subsequent dismissal of state action).

Defendant Bradberry's motion to dismiss the individual claims against him (ECF No. 51) is **GRANTED** on the ground that, as a state official, he is immune from claims for money damages, the Court will abstain from deciding any claims for injunctive relief against him under *Younger*, and he is entitled to absolute immunity for decisions made in his role as the judge in the underlying state case.

Plaintiff's (1) Motion to Compel Discovery from Defendants Bradberry and Butler (ECF No. 37); (2) Motion for Injunctive Relief (ECF No. 41); (3) Motion for Extension of Time to File Reply to Defendants Bradberry and Butler's Response in Opposition (ECF No. 45); and Motion for Entry of Default against Defendant Bradberry (ECF No. 47) are **DENIED** as moot. Plaintiff's motion for extension of time to file objections (ECF No. 59) is **GRANTED**.[5]

Subsequent to the filing of the Report and Recommendation, Plaintiff filed a motion for an evidentiary hearing (ECF No. 56) and a second motion to compel discovery. (ECF No. 64.) These motions are also **DENIED** as moot.

This matter will proceed against Defendant Fronabarger as the sole defendant.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  February 15, 2024

---

[5] Plaintiff may re-file his action against the State Defendants "upon the exhaustion of his state court remedies in the event that he is convicted on the underlying criminal charges." *Olivier v. State*, 2017 WL 9732080, at *1 (6th Cir. Oct. 16, 2017). However, the claims for money damages against the State Defendants are dismissed with prejudice.