UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN F. CURRAN, III,

    Plaintiff,

vs.                                             No. 23-1064-STA-jay

CARL A. FRONABARGER,
et al.,

    Defendants.

---

ORDER DENYING MOTION TO SET ASIDE
ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION
AND
DENYING MOTION TO AMEND MOTION TO SET ASIDE

---

        On February 15, 2024, the Court entered an order partially adopting the report and recommendation of the Magistrate Judge. (ECF No. 75.) In that order, the Court determined that it lacked subject matter jurisdiction over Plaintiff's claims for money damages because those claims are barred by the Eleventh Amendment, and the claims against the State Defendants were dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court found that it should abstain from hearing Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine. Accordingly, the State Defendants' motions to dismiss were granted, and the claims against the State of Tennessee and its officials, Defendants Bradberry and Butler, were dismissed. Defendant Bradberry's motion to dismiss the individual claims against him was granted on the ground that, as a state official, he is immune from claims for money damages, and the Court abstained from deciding any claims for injunctive relief against him under *Younger*. Moreover, he was entitled to absolute immunity for decisions made in his

role as the judge in the underlying state case. Plaintiff's various motions were denied as moot based on the Court's determination that the motions to dismiss should be granted.

Plaintiff has now moved to set aside that order (ECF No. 77) pursuant to Fed. R. Civ. P. 60(b). He has also filed a motion to amend his motion to set aside the order. (ECF No. 78.) Because Plaintiff has failed to state any appropriate grounds for the Court to set aside its previous order, Plaintiff's motions are **DENIED**.

Rule 60(b) allows a court, "[o]n motion and just terms, ... [to] relieve a party ... from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). In other words, "Rule 60(b) applies only to 'final' orders." *Payne v. Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991). In this case, there has been no final order; therefore, the Court will analyze the motions under Local Rule 7.3.

Local Rule 7.3 requires that a motion for revision specifically show (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)).

The Local Rule further provides that

> [n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party

> seeks to have revised. Any party or counsel who violates this restriction shall be subject to appropriate sanction, including, but not limited to, striking the filing.

LR 7.3(c). That is, a party may not simply repeat arguments previously presented and considered by the Court in making its initial ruling.

In the present case, Plaintiff has not shown that he meets any of the grounds set forth in Local Rule 7.3. Plaintiff has not pointed to any material difference in fact or law from that which was previously presented to the Court. Even if he had, he has not shown that, in the exercise of reasonable diligence, he did not know such fact or law at the time of the interlocutory order. Additionally, he has not shown that there has been any change of law or fact since the Court entered its order. Nor has he shown "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court."

Plaintiff has not presented any facts or law in his motions that the Court did not previously consider. Instead, he merely reiterates his previous arguments made both to this Court and to the Magistrate Judge. Consequently, his motions to set aside are **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  March 4, 2024