UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN F. CURRAN, III,

    Plaintiff,

vs.                                                            No. 23-1064-STA-jay

CARL A. FRONABARGER,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE (ECF No. 114),
DIRECTING ENTRY OF JUDGMENT, AND
DENYING CERTIFICATE OF APPEALABILITY**

---

Before the Court is the United States Magistrate Judge's Report and Recommendation that Defendant Carl Fronabarger's motion for judgment on the pleadings (ECF No. 104) be granted and Plaintiff's motion for extension of time (ECF No. 106) be denied. Plaintiff has filed objections to the Report (ECF No. 116), and Defendant has responded to the objections. (ECF No. 117.) The Court allowed Plaintiff to file a reply to Defendant's response. (ECF No. 119.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety.

If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections

and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, the Court will consider only the portions of the Report and Recommendation to which Plaintiff made specific objections.

The background of this matter is as follows.[1] Plaintiff alleges that Defendant Fronabarger owes him for Plaintiff's "voluntary salvor services." According to the complaint, Defendant owned the Saltillo Marina, and Defendant's negligence resulted in Plaintiff's having to salvage the marina and secure its fuel tanks. According to Plaintiff, he hired Dustin Scott to help him.[2] When neither Defendant nor his agent would pay Plaintiff for his "salvage services," Plaintiff purportedly filed a lien on the property.

In his motion for judgment on the pleadings, Defendant asserts that Plaintiff was indicted by the Hardin County, Tennessee Grand Jury because he had filed a lien on Defendant's property when he had no reasonable basis or legal cause to place such an encumbrance on that property. Plaintiff was convicted on this count.

The Magistrate Judge set out the standard of review for a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c) provides that, "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard applicable to a motion for judgment on the pleadings is the same as a motion to dismiss under

---

[1] Plaintiff's claims against the State of Tennessee and its officials and against Defendants J. Brent Bradberry and Patrick S. Butler were dismissed in an order entered on February 15, 2024. (ECF No. 75.) Defendant Fronabarger is the only remaining defendant.

[2] Plaintiff paid Scott with a bad check for $25,000 for which he was later convicted for by a jury. (ECF No. 117-2.)

2

Fed. R. Civ. P. 12(b)(6). *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (citation omitted).

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court's consideration of documents that are part of the public record does not convert a motion to dismiss into one for summary judgment motion. *See Ashland, Inc. v. Oppenheimer*, 648 F. 3d 461, 467 (6th Cir. 2001).

Applying that standard to the facts of the present case, the Magistrate Judge described Plaintiff's claims as "(1) a marine peril, (2) service voluntarily rendered when not required as an existing duty or from a special contract, and (3) success in whole or in part." *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F.Supp.2d 721, 728 (E.D. Mich. 2010). If Plaintiff had succeeded in whole or in part in the alleged salvage operation, he could secure payment by placing a lien on Defendant's property. However, Plaintiff must allege facts that allow the court to reasonably infer that Defendant it liable to him. As noted above, after Plaintiff filed his lien, he was indicted

3

and then later convicted for violating Tennessee's false-lien statute, Tenn. Code Ann. § 39-17-117 (a)(1). (Exhb. ECF No. 117.) The Magistrate Judge correctly found that Plaintiff's conviction prevents him from arguing that he had a "reasonable basis or legal cause" for filing the lien, *see Bowen v. Arnold*, 502 S.W. 3d 102, 115 at n. 11 (Tenn. 2016), because a jury found that the State proved beyond a reasonable doubt that he had "no reasonable or legal basis to place the lien" on Defendant's property. *State v. Lyons*, 669 S.W.3d 775, 788 (Tenn. 2023). Federal courts "give the same credit to a state court judgment as the state would give the judgment." *Cuberson v. Doan*, 72 F. Supp. 2d 865, 871 (S.D. Ohio 1999). When "an issue was considered in a prior criminal proceeding, a plaintiff may be estopped from relitigating that issue in a subsequent civil action." *Spencer v. City of Huron*, 717 F. App'x 555, 557 (6th Cir. 2019). For this reason, the Magistrate Judge recommended that Defendant's motion for judgment on the pleadings be granted.

The Magistrate Judge also determined that Plaintiff's motion for a sixty-day extension to respond to Defendant's motion should be denied because no further facts or law could cure the fatal issue in this case -- that Plaintiff had been convicted for violating Tennessee's false-lien statute, and, with no reasonable basis for filing the lien, Plaintiff could not establish the elements of his claim. However, Plaintiff did, in fact, file a response on April 14, 2025. (ECF No. 111.)

Turning now to Plaintiff's objections to the Magistrate Judge's order, the Court finds that those objections do not satisfy the requirements for effectively objecting to a report and recommendation. Fed. R. Civ. P. 72 (b) (2) requires that the party objecting to the report and recommendation "serve and file specific written objections to the proposed findings and recommendations." Likewise, this Court's local rules require the objecting party to "file and serve written objections . . . [to specified] portions of the report or . . . proposed findings or

4

recommendations[.]" LR 72.1 (g) (2). Plaintiff's failure to "make any specific objections to the Magistrate Judge's Report and Recommendation" waives his objections. *Hansbrough v. Titlemax of Tenn., Inc.*, 977 F.Supp.2d 859, 862 (W.D. Tenn. 2013).

Not only are the objections not specific enough, but they are also without merit. Plaintiff complains that the Court has failed to timely serve him with other Reports and Recommendations, thus denying him the opportunity to timely object. But, he has not cited any support for this claim. Any mail sent to Plaintiff that has been returned to the Court has been re-sent, and Plaintiff has then been allotted additional time to respond.

Plaintiff asserts that the Magistrate Judge failed to correctly apply "over 100 years of federal maritime law." However, he does not cite any law that addresses the Magistrate Judge's finding that Plaintiff did not have a reasonable basis for filing a lien except that Plaintiff denies being convicted of any crime. However, public records show that he is a convicted felon and is on parole until 2028. (Exhb. ECF No. 117.) As noted by Defendant, Plaintiff's complaints about the proof in his criminal trial in Hardin County are irrelevant.

In summary, Plaintiff's objections are **OVERRULED**, the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety, and Defendant's motion for judgment on the pleadings is **GRANTED**, and Plaintiff's motion for extension of time is **DENIED**. Judgment will be entered in favor of Defendant and those defendants previously dismissed on February 15, 2024.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir.

1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a defendant is entitled to judgment on the pleadings but the action has sufficient merit to support an appeal *in forma pauperis*. The same considerations that lead the Court to grant Defendant's motion also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.[3]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 6, 2025

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.